UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

UNITED STATES OF AMERICA,

v.

SCOTT K. FAIRBANKS,

Defendant.
─────────────────────────────────────

Case # 17-CR-6124-FPG

DECISION AND ORDER

## INTRODUCTION

On March 21, 2019, Defendant Scott K. Fairbanks pleaded guilty to once count of conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of fentanyl analogue, in violation of 21 U.S.C. § 846. ECF No. 32. On March 20, 2020, the Court sentenced Defendant to 90 months of imprisonment followed by five years of supervised release. ECF No. 34 at 2-3.

On February 22, 2021, Defendant filed a *pro se* Motion for Reduction of Sentence. ECF No. 37. He seeks to be released to home confinement, a halfway house, or a drug rehabilitation center. ECF No. 37 at 5-6. He asserts that, due to the COVID-19 pandemic, he has been unable to take any rehabilitation programs in prison and his time would be better served in another setting where he could resume his rehabilitative efforts. He apologizes for his crime, asserts that he has already served a significant amount of time, and explains that he would like to be there for his family members. *Id.* at 2-6.

However, for the reasons explained below, the Court cannot grant Defendant the relief he seeks. Accordingly, his motion for a reduction of sentence is DENIED.

## DISCUSSION

Defendant does not identify the statutory basis on which he brings his motion. The Court construes the motion as being brought pursuant to the Second Chance Act of 2007, the First Step

1

Act of 2018, or the Coronavirus Aid, Relief, and Economic Security ("CARES") Act of 2020. However, none of these statutes permit the Court to grant Defendant the relief he seeks.

I.  **The BOP's Authority to Place Prisoners**

"[T]he district court does not control how the Executive Branch carries out a defendant's sentence." *United States v. Kanagbou*, 726 F. App'x 21, 25 n.1 (2d Cir. 2018) (summary order). Instead, pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") "has exclusive authority to designate the facility where prisoners will serve a sentence and to order a transfer from one facility to another." *United States v. Martin*, No. 15-CR-6132-FPG, 2020 U.S. Dist. LEXIS 158018, at *1 (W.D.N.Y. Aug. 31, 2020) (citation omitted). *See also* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."); 18 U.S.C. § 3624(c)(1), (2) (providing that the BOP shall ensure that a prisoner spends that final months of his term "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," including a community correctional facility or home confinement).

Neither the Second Chance Act, the First Step Act, nor the CARES Act give district courts authority to determine a prisoner's placement; they "merely give eligible inmates the possibility to be considered [by the BOP] for home confinement or halfway house placement." *United States v. Giboney*, No. 4:15-CR-00097-JAR-1, 2021 U.S. Dist. LEXIS 22309, at *9 (E.D. Mo. Feb. 5, 2021). The Court briefly discusses each statute in turn.

II. **Relevant Statutes**

A.  **The Second Chance Act**

The Second Chance Act of 2007, Pub. L. No. 110-119, 122 Stat. 657 (2008),

> modified Title 18 U.S.C. § 3624(c) in three notable ways: (1) it doubled the maximum prerelease [Residential Reentry Center ("RRC")] placement period from 6 to 12 months, (2) it required the BOP to make RRC placement decisions on an

individual basis, and (3) it required the BOP to ensure that, consistent with the factors in Section 3621(b), the duration of the RRC placement period gives the inmate the greatest likelihood of successful community reintegration.

*Handford v. Spaulding*, No. 9:19-CV-0434 (LEK/DEP), 2019 U.S. Dist. LEXIS 81788, at *10 (N.D.N.Y. May 15, 2019) (citation omitted).  However, it did not change the BOP's authority to "decide when and whether an inmate should be placed at an RRC after considering the factors set forth in 18 U.S.C. § 3621." *United States v. Henderson*, No. 15-CR-0487, 2019 U.S. Dist. LEXIS 46329, at *4 (S.D.N.Y. Mar. 18, 2019).  "Accordingly, this Court lacks the authority under the Second Chance Act to order Defendant's transfer to home confinement or a halfway house for the duration of his sentence." *United States v. Casado*, No. 19-CR-6156-FPG, 2020 U.S. Dist. LEXIS 108855, at *2 (W.D.N.Y. June 22, 2020).

### B.      The First Step Act

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, "modified prior sentencing law and expanded vocational training, early-release programs, and other programing designed to reduce recidivism." *United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019).

Section 602 of the First Step Act amended 18 U.S.C. § 3624(c)(2) to state that "[t]he Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted . . . ." Pub. L. No. 115-391, § 602.  But this section did not "authorize[] a district court to order the Bureau of Prisons to release a given defendant to home confinement. Rather, it is [the Bureau of Prisons]—not the courts—who decides whether home detention is appropriate." *United States v. McGee*, No. 11-CR-194S, 2020 U.S. Dist. LEXIS 19015, at *2 (W.D.N.Y. Jan. 31, 2020) (citation and internal quotation marks omitted).

Section 603 of the First Step Act reauthorized and expanded a pilot program established under the Second Chance Act to evaluate early release to home confinement or a halfway house

3

for elderly or terminally ill prisoners.  Pub. L. No. 115-391, § 603.  But it "did not remove the Attorney General's discretion in determining which eligible elderly offenders or eligible terminally ill offenders to release to home confinement under the pilot program." *United States v. Resnick*, 451 F. Supp. 3d 262, 267 (S.D.N.Y. 2020).

Of greater relevance, Section 603 of the First Step Act also amended 18 U.S.C. § 3582(c)(1)(A), the so-called "compassionate release" statute.  The First Step Act "did away with th[e] long-standing restriction" that "a court could not order compassionate release unless the BOP made an affirmative request on a prisoner's behalf." *United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 U.S. Dist. LEXIS 65914, at *5 (S.D.N.Y. Apr. 14, 2020).  Pursuant to the amendment, federal prisoners may bring a motion for compassionate release on their own behalf after meeting certain procedural criteria. *United States v. Roney*, 833 F. App'x 850 (2d Cir. 2020) (summary order); *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020).

Section 3582(c)(1)(A), even as amended, does not give district courts the authority to order a prisoner's placement in home confinement or an RRC. *United States v. Peralta*, No. 19-CR-135 (VEC), 2020 U.S. Dist. LEXIS 211613, at *1 n.1 (S.D.N.Y. Nov. 12, 2020) ("The Court interprets [defendant's] motion as one seeking compassionate release pursuant to pursuant to 18 U.S.C. § 3582(c)(1)(A). To the extent [defendant's] motion also sought to convert his remaining period of incarceration to home confinement pursuant to 18 U.S.C. § 3624(c), the Court notes that the Bureau of Prisons has the exclusive authority to afford such relief under the statute."); *United States v. Davis*, No. 1:14-cr-00296-PAC-1, 2020 U.S. Dist. LEXIS 172504, at *9 (S.D.N.Y. Sep. 21, 2020) (noting that neither temporary furlough nor placement in home confinement are "within the limited authority afforded by 18 U.S.C. § 3582(c)(1)(A)"); *see also generally United States v. Ayala*, No. 17-cr-618 (RA), 2020 U.S. Dist. LEXIS 143239, at *4 (S.D.N.Y. Aug. 10, 2020)

4

(noting that "requests for home confinement and compassionate release arise from ultimately different statutory schemes with different considerations underlying each") (citation and internal quotation marks omitted).

However, section 3582(c)(1)(A) does say that courts "may reduce the term of imprisonment (and may impose a term of probation or *supervised release with or without conditions* that does not exceed the unserved portion of the original term of imprisonment)." 18 U.S.C. § 3582(c)(1)(A). This Court and others have suggested that a Court could grant compassionate release and then impose home confinement-like conditions upon Defendant's supervised release. *See, e.g.*, *United States v. Montanez*, No. 15-CR-122-FPG, 2020 U.S. Dist. LEXIS 130726, at *15 n.6 (W.D.N.Y. July 23, 2020) ("[T]he Court assumes, without deciding, that it could order home confinement-like conditions for Defendant's release."); *United States v. Parmar*, No. 18 CR 877 (VB), 2020 U.S. Dist. LEXIS 245680, at *2 (S.D.N.Y. Dec. 31, 2020) ("Although the Bureau of Prisons has the authority to permit an inmate to finish a sentence in home confinement under 18 U.S.C. § 3624(c)(2), the Court does not have the authority to transfer defendant] to home confinement, except when reducing a term of imprisonment pursuant to Section 3582(c)(1)(A)(i)." (emphasis in original)); *United States v. Dragone*, No. 3:16cr30 (JBA), 2021 U.S. Dist. LEXIS 17980, at *4 (D. Conn. Feb. 1, 2021) (granting motion for compassionate release, reducing sentence to time served, and ordering defendant to be released to home confinement); *United States v. Ciprian*, No. 1 Cr. 1032-74 (PAE), 2021 U.S. Dist. LEXIS 18698, at *12 (S.D.N.Y. Feb. 1, 2021) (granting compassionate release and, as a condition of supervised release, ordering defendant to spend the first six months of release in a halfway house or in home confinement).

The Court need not decide whether to proceed in such a fashion here, though, because even construing Defendant's motion liberally, it does not address—let alone establish—any of the criteria required to obtain compassionate release: exhaustion of administrative remedies, extraordinary and compelling circumstances, and a finding that release is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A).

C. **The CARES ACT**

In response to COVID-19, Congress enacted the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).  The CARES Act expanded the authority of the BOP to transfer inmates to home confinement under certain conditions.  *Id.* at § 12003(b)(2), 134 Stat. at 516.  It "did not create any new rights or judicial remedies for prisoners under Section 3624(c)(2)."  *United States v. Woody*, 463 F. Supp. 3d 406, 408 (S.D.N.Y. 2020).  Thus, the CARES Act did not give courts the authority to grant a prisoner's request for home confinement.  *United States v. Green*, 466 F. Supp. 3d 328, 328 n.1 (W.D.N.Y. 2020).  Rather, the authority to "permit prisoners to finish the remainder of their sentence in home confinement" remains "exclusively within the discretion of the BOP."  *Ogarro*, 2020 U.S. Dist. LEXIS 65914, at *15.

## CONCLUSION

For the reasons stated, Defendant's motion for a reduction of sentence, ECF No. 37, is DENIED.

IT IS SO ORDERED.

Dated: February 27, 2021
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

6